FILED IN CLERK'S OFFICE
USDC-Atlanta

AUG 9 - 2005

LUTHER D. THOMAS, Clerk
By: [signature], Deputy Clerk

ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HOME-GROWN INDUSTRIES OF GEORGIA, INC., d/b/a MELLOW MUSHROOM, <br><br>     Plaintiff, <br><br> v. <br><br> CASEY AARON FOX and AG OF RALEIGH, INC., <br><br>     Defendants. | Civil Action <br><br> File No. 1 05 CV 2064 |

## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

Plaintiff, Home-Grown Industries of Georgia, Inc d/b/a Mellow Mushroom ("Mellow Mushroom"), by its attorneys, as and for its Complaint ("Complaint") for Declaratory Relief and Damages against Defendants, Casey Aaron Fox and AG of Raleigh, Inc , states as follows

### Nature of the Action

1    This is an action for breach of contract and declaratory judgment  Mellow Mushroom seeks, among other things, the damages it has incurred as a result of Casey Aaron Fox's premature and unjustified abandonment of his Mellow Mushroom franchise in Chapel Hill, North Carolina  Mellow Mushroom also seeks a declaration that it is entitled, based on



this breach, to terminate the two (2) Franchise Agreements that Fox's corporation, AG of Raleigh, Inc , entered into with Mellow Mushroom

### Parties

2  Mellow Mushroom is a Georgia corporation with its principal place of business in Atlanta, Georgia  Mellow Mushroom is engaged in the business of operating, and granting franchises to qualified persons to operate, Mellow Mushroom Restaurants using Mellow Mushroom's distinctive business format, system of operations and proprietary names and marks

3  Upon information and belief, defendant Casey Aaron Fox ("Fox") is a citizen and resident of the State of North Carolina  Fox formerly operated a Mellow Mushroom franchise in Chapel Hill, North Carolina

4.  Upon information and belief, defendant AG of Raleigh, Inc ("AG") is a North Carolina corporation with its principal place of business in Raleigh, North Carolina  AG is the franchisee of three (3) Mellow Mushroom Restaurants

### Jurisdiction and Venue

5  This Court has original subject matter jurisdiction of this action under 28 U S C  § 1332, in that it is a civil action wherein the matter in controversy exceeds the sum or value of

$75,000 00, exclusive of interest and costs, and is between citizens of different states

6    Venue and jurisdiction are proper in this Court under 28 U S C § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district    Venue is also proper in this Court because the parties' written Franchise Agreements make clear that Mellow Mushroom may institute any action against Defendants in any state or federal court in the State of Georgia

**The Parties' Written Mellow Mushroom Franchise Agreement**

7    On or about November 13, 1997, Mellow Mushroom entered into a written Mellow Mushroom Franchise Agreement (the "Chapel Hill Franchise Agreement") with Fox pursuant to which Mellow Mushroom granted Fox a franchise to operate a Mellow Mushroom Restaurant at 1502 E Franklin Street, in Chapel Hill, North Carolina 27514 (the "Chapel Hill Restaurant") and to use Mellow Mushroom's trade names, services marks, trademarks and related intellectual property in connection therewith, all as fully set forth in the Chapel Hill Franchise Agreement    A true and correct copy of the Chapel Hill Franchise Agreement is annexed hereto as Exhibit A and incorporated herein by reference

8.  Under the Chapel Hill Franchise Agreement, Fox agreed, among other things, to pay Mellow Mushroom certain fees, including royalty fees and marketing fees. Specifically, under Paragraph 13 of the Chapel Hill Franchise Agreement, Fox agreed to pay Mellow Mushroom 5% of his gross sales as a royalty fee, and 2% of his gross sales as a marketing fee. Both fees were due and payable on a weekly basis.

9.  Furthermore, under Exhibit C to the Chapel Hill Franchise Agreement, Fox agreed to maintain certain minimum annual sales levels, as follows: (a) $460,000 for the 12 month period ending November 13, 2005; (b) $470,000 for the 12 month period ending November 13, 2006; and (c) $480,000 for the 12 month period ending November 13, 2007.

### Fox's Abandonment of the Chapel Hill Restaurant

10. The initial term of the Chapel Hill Franchise Agreement was fifteen (15) years commencing as of November 13, 1997.

11. In the event of default, and grounds for termination of the Chapel Hill Franchise Agreement, if Fox "abandons or fails actively to operate the Restaurant for three (3) or more consecutive business days unless [he] closes the Restaurant for

a purpose Franchisor has approved or because of casualty or government order "

12  In or around June of 2005, with over seven (7) years remaining on the term of the Chapel Hill Franchise Agreement, Fox abandoned and ceased operating the Chapel Hill Restaurant

13  Mellow Mushroom did not approve of the closure of the Chapel Hill Restaurant, and the closure of that Restaurant was not caused by casualty or government order

14  On July 14, 2005, Mellow Mushroom sent Fox a letter advising Fox that he did "not have the right to close the Restaurant, effectively terminating the [Chapel Hill] Franchise Agreement, before the end of th[e] 15-year term," and that his actions were a violation of the Chapel Hill Franchise Agreement  The July 14th letter further advised Fox that Mellow Mushroom expected him to re-open and continue operating the Chapel Hill Restaurant in compliance with the terms of the Chapel Hill Franchise Agreement  A true and correct copy of the July 14th letter is annexed hereto as Exhibit B

15  Fox refused to re-open, and has not re-opened, the Chapel Hill Restaurant

16  The Chapel Hill Franchise Agreement provides that if Mellow Mushroom incurs expenses as a result of Fox's failure to

comply with the Agreement, Fox would reimburse Mellow Mushroom "for any of the costs and expenses which it incurs, including, without limitation," reasonable attorneys' fees

17  Mellow Mushroom has fully performed its obligations under the Chapel Hill Franchise Agreement

## COUNT I – BREACH OF CONTRACT

18  Mellow Mushroom realleges and incorporates by reference Paragraphs 1 through 17 of its Complaint, inclusive, as and for this Paragraph 18, as if fully set forth herein

19  Fox has breached the Chapel Hill Franchise Agreement by, among other things, failing and refusing to operate the Chapel Hill Restaurant for the full term of the Chapel Hill Franchise Agreement

20  As a direct and proximate result of Fox's breach of the Chapel Hill Franchise Agreement, Mellow Mushroom has suffered damages in an amount to be proven at trial, but in excess of $247,000.00

21  Cox has acted in bad faith, has been stubbornly litigious, and has caused Mellow Mushroom unnecessary trouble and expense, entitling Mellow Mushroom to an award of its costs and expenses of litigation, including reasonable attorneys' fees, pursuant to O C G.A § 13-6-11

## COUNT II - DECLARATORY JUDGMENT

22   Mellow Mushroom realleges and incorporates by reference Paragraphs 1 through 17 of its Complaint, inclusive, as and for this Paragraph 21, as if fully set forth herein

23   There is an actual controversy between the parties in this case and a declaration of the rights of the parties would terminate the controversy or some part thereof

24   On September 13, 2001, Fox, through his corporation, AG, entered into a written Mellow Mushroom Franchise Agreement (the "Raleigh Franchise Agreement") with Mellow Mushroom pursuant to which Mellow Mushroom granted AG a franchise to operate a Mellow Mushroom Restaurant at 601 West Peace Street, in Raleigh, North Carolina

25   AG entered into another written Franchise Agreement with Mellow Mushroom on March 28, 2005   Under this Franchise Agreement (the "Durham Franchise Agreement"), Mellow Mushroom granted AG the right to operate a Mellow Mushroom Restaurant at 410 Blackwell Street, in Durham, North Carolina   True and correct copies of the Raleigh and Durham Franchise Agreements are annexed hereto as Exhibits C and D, respectively, and incorporated herein by reference

26  The Raleigh and Durham Franchise Agreements both provide that Mellow Mushroom may terminate those Franchise Agreements if "Franchisee [AG] (or any of its owners or affiliates) (i) fails to comply with any provision of any other franchise agreement with Franchisor and to cure such default (if such default is curable) as required in that franchise agreement, or (ii) commits an incurable default under any other franchise agreement with Franchisor that would allow Franchisor to terminate that agreement."

27  Fox is the President and the majority owner of AG.

28  Fox's abandonment of the Chapel Hill Restaurant constitutes a breach of the Chapel Hill Franchise Agreement that is not curable and, even if it was curable, has not been cured by Fox.

29  Mellow Mushroom is entitled to a declaration that it has the right to terminate the Raleigh Franchise Agreement and the Durham Franchise Agreement based on Fox's breach of the Chapel Hill Franchise Agreement.

### PRAYER

WHEREFORE, Mellow Mushroom demands Judgment against Defendants, as follows:

A.  On the First Count of the Complaint, against Defendant

Fox for the damages Mellow Mushroom has incurred as a result of Fox's breach of the Chapel Hill Franchise Agreement, in an amount to be proven at trial, but in excess of $247,000 00 plus reasonable attorneys fees pursuant to the Franchise Agreement and O C G A § 13-6-11,

B    On the Second Count of the Complaint, a declaration that it has the right to terminate the Raleigh Franchise Agreement and the Durham Franchise Agreement based on Fox's breach of the Chapel Hill Franchise Agreement

C    An award of the costs and expenses, including reasonable attorneys' fees, incurred by Mellow Mushroom in connection with this action as provided for by the parties' Franchise Agreements, and

D    Such other and further relief as the Court deems just and proper

Respectfully submitted this 9th day of August, 2005

SMITH, GAMBRELL & RUSSELL, LLP

/s/ Thomas M. Barton

1230 Peachtree Street, N.E.
Suite 3100, Promenade II
Atlanta, Georgia 30309-3592
(404) 815-3500 (Telephone)
(404) 815-3509 (Facsimile)
tbarton@sgrlaw.com
jautry@sgrlaw.com

Thomas M. Barton
Georgia Bar No. 040821
John R. Autry
Georgia Bar No. 029029
Attorneys for Home-Grown
Industries of Georgia, Inc.
d/b/a Mellow Mushroom

*Of counsel*

Norman M. Leon
DLA PIPER RUDNICK GRAY CARY US LLP
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601
Phone No.    312-368-4000
Fax No.      312-236-7516

916976